# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **In re:** § | |
| § | **CHAPTER 11** |
| **ARETE HEALTHCARE, LLC, et al.**[1] § | |
| § | **CASE NO. 19-52578-cag** |
| **DEBTORS.** § | **(Jointly Administered)** |
| § | |

## MOTION FOR ENTRY OF AN ORDER AUTHORIZING REJECTION OF AN UNEXPIRED LEASE AS OF APRIL 29, 2020

TO THE HONORABLE CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE:

Comes now Arete Healthcare, LLC, *et al.* ("Arete" or the "Debtors"), the debtors and debtors in possession in the above-captioned chapter 11 case, and files this Motion for Entry of an Order Authorizing Rejection of an Unexpired Lease as of April 29, 2020 (the "Motion") and in support thereof would represent as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(b) and the standing order of reference of the District Court. This matter concerns the rejection of an equipment service contract as well as the use of property of the estate to pay for such services; accordingly, this is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief are sections 105(a), 363 and 365 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 6003 and 6004, among others.

### BACKGROUND PERTINENT TO MOTION

---

[1] The Debtors also include Schertz-Cibolo Emergency Center, LLC, and The Emergency Clinic of Floresville, LLC. The use of the term "Debtors" shall refer to all debtors.

2. On November 3, 2019 (the "**Petition Date**"), Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. Debtors continue to operate their business and manage its property as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. A creditors' committee has been appointed in this case. No trustee or examiner has been requested in the case.

4. In or around November 2015, Schertz-Cibolo Emergency Center, LLC ("SCEC") purchased medical equipment from XtreMed Enterprise LLC ("XtreMed") including an ultrasound system, a radiology system, a PACS system and a CT Scanner. Around that same time, SCEC entered into a service contract with XtreMed to provide maintenance on the equipment purchased from XtreMed (the "Service Contract"). The Service Contract is attached hereto and incorporated for all purposes as Exhibit A. The Service Contract term began in November 2015 and ends November 2021.

5. SCEC is obligated under the Service Contract to pay XtreMed $8,033.84 per month plus additional hourly charges for any services performed during non-business hours. In order to reduce costs, SCEC has found a new equipment servicer and wishes to reject the Service Contract. SCEC has determined, in its business judgment, that it is in the best interest of the estate to reject the Service Contract immediately. Doing so will allow SCEC to enter into a less costly service contract and save money.

## RELIEF REQUESTED

6. By this Motion and pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, the Debtor seeks an entry of an order authorizing rejection of the Service Contract effective as of April 29, 2020. The Debtor also requests that the Court require that any claims

for damages arising out of or relating to the rejection or termination of the Service Contract be asserted by filing a proof of claim no later than 30 days following the entry of the Order granting this Motion.

## ARGUMENT AND AUTHORITY

7. Section 365(a) of the Bankruptcy Code provides, in pertinent part, that "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

8. Courts have long held that a debtor need only satisfy the business judgement standard to reject a contract pursuant to section 365(a). *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1308 (5th Cir. 1985) (holding that "[i]t is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'") (quoting *Group of Inst. Investors v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943)); *In re Pilgrim's Pride Corp.*, 467 B.R. 871, 876 (Bankr. N.D. Tex. 2012) (holding that "[u]nder section 365(a), in order to be authorized to reject a contract, the trustee—or, as here, the debtor in possession—need only satisfy the business judgment test."). Therefore, rejection of the Service Contract should be permitted if, in the Debtor's exercise of its business judgment, the Service Contract is burdensome to the estate such that the rejection of the lease will benefit the estate.

9. The monthly obligation under the Service Contract is $8,033.84. Maintaining the Service Contract going forward constitutes an unnecessary cost to SCEC and its estate, especially given the fact that it has procured a similar service contract on more favorable and less expensive terms. Continuing the Service Contract therefore, will be a burden to the estate and result in utilization of more capital than is necessary for the same services. Rejection of the

Service Contract will benefit SCEC and its estate and creditors and is in the business judgment of SCEC, in the best interest of the estate and its creditors.

**WHEREFORE**, premises considered, Debtor requests that the Court enter an order: (i) rejecting the Service Contract as of April 29, 2020, (ii) setting a deadline of 30 days from the date of entry of such Order for the filing of a proof of claim for damages arising out of or relating to the rejection or termination of the Service Contract and (iii) granting such other and further relief as the Court may deem just and proper.

DATED: April 30, 2020

                                        Respectfully submitted,

                                        LANGLEY & BANACK, INC.
                                        745 E. Mulberry, Suite 700
                                        San Antonio, TX 78216
                                        Telephone: (210) 736-6600
                                        Facsimile: (210) 735-6889

By:    */s/ Allen M. DeBard*
        ALLEN M. DeBard
        State Bar No. 24065132
        DAVID S. GRAGG
        State Bar No. 08253300

**ATTORNEYS FOR DEBTORS**

**CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the above and foregoing Motion has been delivered to all creditors and parties-in-interest on the attached Limited Service List by First Class Mail, Postage Prepaid or by electronic mail through the Court's CM/ECF system on April 30, 2020, including the below parties.

XtreMed Enterprise LLC
9703 Richmond Ave., Ste. 120
Houston, Texas 77042

                                        */s/ Allen M. DeBard*
                                        ALLEN M. DeBARD